IN THE MIDDLE DISTRICT FEDERAL COURT ORLANDO
IN AND FOR THE UNITED STATES

RANDAL ROWSEY, PLAINTIFF,   CASE No _____
V.S.
JUDGES, DEFENDANT(s),

**WRIT OF MANDATE (SUMMARY OF CASE)**

COMES the plaintiff who gives a brief summary to invoke the Federal Court in this action and so states the following in support of motion:

1) The plaintiff began experiencing discrimination in 1999.
   a) Plaintiff had first stroke in November of 1998.
   b) Plaintiff was brought in custody shortly after the stroke and had no time to rehabilitate.
   c) Plaintiff reported the stroke to the court, however the court held plaintiff in custody.
   d) Plaintiff was held for 8 months until trial.
   e) Plaintiff stood trial not knowing any facts of the case.
   f) Plaintiff was found NOT GUILTY and was released from custody.
   g) The state court did not recognize plaintiff's disability.
2) Plaintiff had a second stroke in 2003.
   a) Plaintiff was involved in an accident and was to proceed to civil court (Feb 2002)
   b) Plaintiff had the stroke in Mar 2003 and was unable to participate in this civil matter.
3) Plaintiff had his third stroke in 2009.
4) Plaintiff had his forth stroke in Nov 2016.
5) In 2016 plaintiff was diagnosed with a Patend Forimen Ovali.
   a) A PFO is a hole in the middle septum of the heart (congenital).
   b) As a result of the PFO strokes are directly caused by the PFO.
   c) At present plaintiff is stabilized with medication.
6) In 2019 plaintiff began to file suits in an untimely manner due to time lost after each stroke event.
   a) In each suit the plaintiff invoked ADA Title II (Laws 35.101-35.108) and presented documents in support of the untimeliness. Additionally applicable is law 35.130(a)(1)(i)(iii)(2)(3)(i)(ii)(iii)  7(i)8(d).
7) Plaintiff was only able to present medical information in one action, before Judge James Dekleva who dismissed the suit based on statute of limitations.
8) No other courts would allow plaintiff to participate in presenting medical information.
9) In 2019 plaintiff was able to view records and legal business inteligiby.
10) In 2006 plaintiff was convicted of a mesdermeaner with out:
    a) Plaintiff discovered the conviction in November of 2019.
    b) The conviction was illegal due to:
        i) No first appearance, no arraignment and no trial.

A

10) (con't)

    c) Plaintiff filed with Judge Herr who denied the case stating untimeliness.
    d) At the time of criminal proceedings plaintiff was in custody awaiting transfer to State Hospital arranged by the State and Judge Alva.
        i) At the time of the criminal action the plaintiff was not considered competent.
        ii) Judge Alva and plaintiff's defense attorney, Micheal Nappi, permitted allegations to be considered without plaintiff being present.
        Iii) The State used unsubstantiated complaints against plaintiff to cover-up an incident were plaintiff was assaulted by 3 ASPD officers (2001)
        Iv) During the assault plaintiff received blunt force trauma to his head.
            a) Brain damage was caused which caused partial parylisness in plaintiff's left leg.
            b) The assault was testified under oath Judge Dickey CASE No 201-CFA-1508, who took no action.
            c) The State has disregarded plaintiff's disabilities numerous times with disregard to the health and welfare of plaintiff.
            d) At the time the officers were aware that plaintiff was disabled due to mental illness and strokes from PFO.

11) In 2006 plaintiff was again assaulted by 2 Cocoa Beach police officers which rendered plaintiff unconscious additionally requiring stiches in plaintiff's left arm.
    a) Plaintiff suffered a major concusion preventing him from walking for 12 days.

**THEREFORE** plaintiff seeks the federal court to recognize plaintiff's disabilities and direct the State Courts to abide by ADA Title II (Laws 35.101-35.108) & 35.130, as plaintiff qualifies under these laws as a disabled person subject to discrimination and not allowing plaintiff to protect life and property.

**ALL IS TRUE AND CORRECT UNDER PENALTY OF PERJURY**

Signed this 30th day of December, 2019

_____
Randal Rowse, plaintiff
802 Lindenwald Lane
Altamonte Springs, FL 32701
689-777-1685

B



## Circuit Court
### Eighteenth Judicial Circuit of Florida
COUNTIES OF BREVARD AND SEMINOLE

JESSICA J. RECKSIEDLER  
CIRCUIT JUDGE

VANESSA BREWER  
JUDICIAL ASSISTANT

November 15, 2019

CRIMINAL JUSTICE CENTER  
101 ESLINGER WAY  
SANFORD, FLORIDA 32773  
(407) 665-4996  
FAX (407) 665-4992

Mr. Randal Rowsey  
802 Lindenwald Lane  
Altamonte Springs, FL  32701

RE:   Randal Rowsey v. Liberty Mutual Ins.      2019-CA-1910  
      Randal Rowsey v. Bruce Bevitz              2019-SC-2078  
      State of Florida v. Randal Rowsey          1993-CF-3471

Dear Mr. Rowsey,

Thank you for your letter. Judges are charged with the responsibility to apply the law without fear from, or favor for, one party over another. Your complaint references the American Disabilities Act and "Federal Laws" which would be the jurisdiction of the Middle District of Florida.

Our Code of Judicial Conduct was created to insure everyone receives a fair and impartial hearing or trial before a neutral judge. I hope you therefore understand that I cannot comment on your individual case or circumstance, but please be assured that all judges are charged with the responsibility to interpret the law fairly as it applies to a given set of circumstances. We are also charged with the responsibility to guarantee that the rights and protections afforded to our citizenry by our state and federal constitutions are protected for their benefit.

Thank you again for your letter and I wish you well in your future and all your endeavors.

Sincerely,

Jessica J. Recksiedler  
Administrative Judge

